Filed 2/24/16  P. v. Thompson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052263 |
| v. | (Super. Ct. No. 14HF3106) |
| GREGORY SCOTT THOMPSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Karen L. Robinson, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury found defendant Gregory Scott Thompson guilty of possession and transportation of methamphetamine for sale (Health & Saf. Code, §§ 11378, 11379, subd. (a)). The court granted probation and ordered defendant to serve 180 days in jail. Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed a brief setting forth the facts of the case and the disposition. He did not argue against defendant but advised the court he found no arguable issues to assert on his behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) To assist us in our independent review of the record, counsel suggested we consider whether the evidence is sufficient to support the convictions.

Counsel notified defendant he could file a supplemental brief on his own behalf. We also notified defendant he could file a supplemental brief on his own behalf. However, the time for defendant to do so has passed and we have received no supplemental brief or other communication from him.

**FACTS**

A police officer saw defendant driving a vehicle with an expired registration and made a traffic stop. The officer searched him for weapons and found $86.00 and a small Ziplock bag in his pocket which contained a white substance that appeared to be methamphetamine.

The officer searched defendant's vehicle and found what he described as "a pay/owe sheet" in a backpack with other documents belonging to defendant. The paper "had various monetary denominations written on it" consistent with drug sales. The officer also found three separate baggies of what appeared to be methamphetamine in a jacket lying next to the backpack.

The substances were tested and contained methamphetamine. The officer also testified as an expert witness and opined defendant possessed the four baggies of methamphetamine for sale. The combined weight of the four baggies was 1.32 grams.

2

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, but found no arguable issues on appeal. Regarding counsel's suggestion, we note that our role when considering the sufficiency of the evidence is to evaluate the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Story* (2009) 45 Cal.4th 1282, 1296; *People v. Johnson* (1980) 26 Cal.3d 557, 578.) Moreover, we must accept any logical inferences the jury could have drawn from any circumstantial evidence. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358.) Applying these principles in this case there is ample circumstantial evidence from which the jury could reasonably infer defendant possessed and transported the methamphetamine for sale.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

3